UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES, | CASE NO. 1:22-cr-00016-1 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 48] |
| v. | |
| JOSE ABEL ROSADO OLIVO, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jose Abel Rosado Olivo pled guilty to three fentanyl-related charges.[1] On July 11, 2022, the Court sentenced Defendant to 49 months of imprisonment.[2] At his sentencing, Defendant had zero criminal history points.[3]

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[4] Defendant asks the Court to reduce his sentence to 37 months.[5] The government does not oppose a sentence reduction but asks the Court to reduce Defendant's sentence to 40 months instead of 37 months.[6]

For the following reasons, the Court **GRANTS** Defendant's motion and reduces his sentence to **40 MONTHS**.

\* \* \*

---

[1] Doc. 39 at PageID 234.
[2] *Id.* at PageID 235.
[3] Doc. 35 at ¶ 36.
[4] Doc. 48.
[5] *Id.* at PageID 308.
[6] Doc. 49 at PageID 315.

Case No. 1:22-cr-00016-1
GWIN, J.

Ordinarily, a court "does not have the authority to change or modify [a criminal] sentence unless such authority is expressly granted by statute."[7] One such statutory authority is 18 U.S.C. § 3582(c)(2), which allows courts to reduce a sentence based on retroactive amendments to the Sentencing Guidelines.[8]

When deciding whether to grant a sentence reduction under § 3582(c)(2), courts first apply the retroactive amendment to calculate an amended guideline range.[9] If the amended guideline range is lower than the original guideline range, courts then weigh the 18 U.S.C. § 3553(a) factors to determine if a sentence reduction is justified.[10] Under § 3582(c)(2), courts usually cannot reduce a defendant's sentence below the amended guideline range unless the original sentence was also below the original guideline range.[11]

On November 1, 2023, United States Sentencing Guidelines Amendment 821(B) created a sentencing adjustment for certain "zero-point offenders."[12] The zero-point offender adjustment lowers a defendant's offense level two levels if the defendant had zero criminal history points and certain aggravating factors were not present. Amendment 821(B) is retroactive.[13]

At his original sentencing, Defendant Rosado Olivo received zero criminal history points.[14] Combined with a total offense level of twenty-three, this resulted in an original guideline range of 46–57 months.[15]

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted).
[8] 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).
[9] *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).
[10] *Id.*
[11] *Id.*
[12] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[13] U.S.S.G. § 1B1.10(d).
[14] Doc. 35 at ¶¶ 35–36.
[15] Doc. 40 at PageID 242.

Case No. 1:22-cr-00016-1
GWIN, J.

As the government agrees, Defendant Rosado Olivo is eligible for a two-level reduction under Amendment 821(B) because Defendant received no criminal history points and no aggravating factors apply.[16] Applying Amendment 821(B), the Court reduces Defendant's original total offense level by two, resulting in an amended total offense level of twenty-one. Combined with Defendant's Criminal History Category I,[17] this results in an amended guideline range of 37–46 months.[18]

The § 3553(a) factors are largely unchanged from the original sentencing. The only new evidence presented are records reflecting Defendant Rosado Olivo's educational efforts while incarcerated.[19]

Because the government does not oppose a sentence reduction, the Court finds that the § 3553(a) factors justify a sentence reduction based on Defendant's amended guideline range in a manner consistent with the Court's original sentencing. The Court originally sentenced Defendant Rosado Olivo three months above the bottom of his original guideline range. So, the Court reduces Defendant's sentence to three months above the bottom of his amended guideline range.

The Court **GRANTS** Defendant's sentence reduction motion and **REDUCES** Defendant's sentence to **40 MONTHS**. Except as otherwise provided in this Order, all other terms of Defendant's original sentence remain in effect.

IT IS SO ORDERED.

Dated: April 8, 2024   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[16] Doc. 49 at PageID 317.
[17] Doc. 40 at PageID 241.
[18] U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
[19] Doc. 48-1.